NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEDION W. TEKLEWOLDE, : | |
| : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, : | |
| : | **OPINION** |
| v. : | |
| : | Civil Action No. 06-CV-1097 (DMC) |
| ONKYO USA CORPORATION and : | |
| CIRCUIT CITY CORPORATION, : | |
| : | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Defendant Circuit City's ("Circuit City") motion to dismiss the Complaint filed by *pro se* Plaintiff Gedion Teklewolde ("Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(6) . No oral argument was heard pursuant to Rule 78. For the reasons set forth below, Defendant Circuit City's motion is **granted**.

### I. BACKGROUND

Plaintiff filed his *pro se* Complaint on March 7, 2006 against Defendants Onkyo USA Corporation ("Onkyo") and Circuit City. Due to the length and narrative style of Plaintiff's Complaint, it is someone difficult to divine the exact nature of Plaintiff's claims against the Defendants. Plaintiff recounts the circumstances leading up to his termination of employment with Defendant Onkyo in March 2004. Plaintiff does not cite to any particular statute or common law cause of action in his Complaint. Having reviewed the Complaint under the liberal pleading standard applicable to pro se litigants, the Court notes that Plaintiff's Complaint alleges

that his employment with Okyno was terminated in retaliation for his attempts to maintain quality control standards in an environment (1) of alleged cost-cutting, (2) of allegedly "poor QC at the production locations" in Japan and Malyasia, and (3) of disagreement with plaintiff's opinion that "what Okyno is doing [in connection with quality control and packing labeling] is not to the best interests of the company. Comp. ¶22, 66. Plaintiff also makes references to the fact that he is an Ethiopian Jew and alleges that he suffered racial discrimination during his time at Okyno. One supervisor allegedly used the word "boy" when addressing Plaintiff in "mid-1999." Id. ¶¶ 23, 40. Plaintiff alleges that he complained to management about the racial overtone in the workplace for years thereafter until 2002. Id. at 50-51. Plaintiff also claims that the resolution of his complaints in 2002 was unsatisfactory because he "felt [he] was ignored or my plea did not count due to the fact that I sensed Mr. Watanabe [a Japanese supervisor] was culturally not familiar with the US law and customs. Id. ¶31. At the conclusion of his Complaint, Plaintiff states that he is seeking $550,000.00 to "help him recover from damages caused by unfair biased discharge [sic] from work and work place harassment." Id. ¶96.

On April 21, 2006, Circuit City filed this motion pursuant to 12(b)(6) to dismiss Plaintiff's Complaint. Plaintiff filed a brief in opposition on May 2, 2006. Circuit City filed a reply brief on May 8, 2006.

## II. STANDARD OF REVIEW

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), all allegations in the Complaint must be taken as true and viewed in the light most favorable to the plaintiff. See Worth v. Selden, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1988); Robb v. Philadelphia, 733 F.2d 286,

290 (3d Cir. 1984).  In evaluating a Rule 12(b)(6) motion to dismiss, a court may consider only the Complaint, exhibits attached to the Complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents.  Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

Additionally, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a).  Due to an understandable difference in legal sophistication, a complaint drafted by a *pro se* litigant must be held to a less exacting standard than a complaint drafted by trained counsel.  Haines v. Kerner, 404 U.S. 519 (1972).  Nonetheless, a court should dismiss the case pursuant to Rule 8(a), "if a *pro se* complaint is so confusing or unintelligible that no party could possibly understand or reply to it."  Cole v. Commonwealth Federal, 1994 WL 618464, *1 (E.D.Pa.); citing King v. Fayette County, 92 F.R.D. 457, 458 (W.D.Pa.1981); Brown v. Califano, 75 F.R.D. 497 (1977).

### III.  DISCUSSION

Circuit City moves to dismiss Plaintiff's complaint on the grounds that Plaintiff has failed to state a cognizable cause of action.  The Court agrees.  While Circuit City is mentioned sporadically throughout the Complaint, the Court is unable to discern any cognizable cause of action or deprivation of Plaintiff's rights by Circuit City.  In fact, Plaintiff fails to articulate any specific allegations or violations with respect to Circuit City.  Plaintiff only request is to "freely express [his] fieldwork experience at Defendant Circuit City."  Comp. ¶98.  This is not a recognizable claim.  As such, even viewing the allegations in the Complaint in the light most favorable to Plaintiff, the Court has failed to find any cause of action that Plaintiff has asserted

against Circuit City.  Furthermore, the Court need not consider a plaintiff's bald assertions or legal conclusions. Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir.1997).  Thus, Circuit City must be dismissed from the instant litigation.  It is unnecessary to address Defendant's remaining arguments.

## IV.  CONCLUSION

Based on the foregoing, Defendant Circuit City's motion to dismiss Plaintiff's claim is **granted**.  An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:        August 21, 2006
Original:    Clerk's Office
Cc:          All Counsel of Record
             The Honorable Mark Falk, U.S.M.J.
             File