NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| GEDION W. TEKLEWOLDE, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 06-1097 (DMC) |
| ONKYO USA CORP., |  |
| Defendant. |  |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

This matter comes before the Court upon motion by Defendant Onkyo Corporation ("Onkyo") to dismiss the Complaint filed by *pro se* Plaintiff Gedion Teklewolde ("Teklewolde" or "Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6).  Pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 7.1(i), no oral argument was heard.  After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendant's motion to dismiss is **granted**.

**I.    BACKGROUND**

Plaintiff filed his *pro se* Complaint on March 7, 2006 against Defendants Onkyo USA Corporation ("Onkyo") and Circuit City.  Since that time, this Court granted Circuit City's motion to dismiss and Circuit City is no longer a party to this action.  On May 3, 2006, Onkyo USA Corp. filed this motion pursuant to 12(b)(6) to dismiss Plaintiff's Complaint.

Due to the length and narrative style of Plaintiff's Complaint, it is someone difficult to discern the exact nature of Plaintiff's claims against the Defendants.  Plaintiff recounts the

circumstances leading up to his termination of employment with Defendant Onkyo in March 2004. Plaintiff does not cite to any particular statute or common law cause of action in his Complaint. Reviewing the Complaint under the liberal pleading standard applicable to *pro se* litigants, the Court notes that Plaintiff's Complaint seemingly seeks relief pursuant to the Conscientious Employee Protection Act ("CEPA"). Plaintiff alleges his employment with Onkyo was terminated in retaliation for his attempts to maintain quality control standards in an environment (1) of alleged cost-cutting, (2) of allegedly "poor QC at the production locations" in Japan and Malaysia, and (3) of disagreement with plaintiff's opinion that "what Onkyo is doing [in connection with quality control and packing labeling] is not to the best interests of the company. Compl. ¶¶22, 66. Plaintiff also makes references to the fact that he is an Ethiopian Jew and alleges that he suffered racial discrimination during his time at Onkyo apparently seeking relief pursuant to Title VII. One supervisor allegedly used the word "boy" when addressing Plaintiff in "mid-1999." Id. ¶¶23, 40. Plaintiff alleges that he complained to management about the racial overtone in the workplace for years thereafter until 2002. Id. at ¶¶50-51. Plaintiff also claims that the resolution of his complaints in 2002 was unsatisfactory because he "felt [he] was ignored or my plea did not count due to the fact that I sensed Mr. Watanabe [a Japanese supervisor] was culturally not familiar with the US law and customs. Id. ¶31. At the conclusion of his Complaint, Plaintiff states that he is seeking $550,000 to "help him recover from damages caused by unfair biased discharge [sic] from work and work place harassment" as well as compensation for "my engineering concept currently adopted by ONKYO in its product called POWER PLUS for which I have not been compensated since I departed." Id. ¶96.

**II.**     **STANDARD OF REVIEW**

### A.     Rule 12(b)(6) Motion to Dismiss

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), all allegations in the complaint must be taken as true and must be viewed in the light most favorable to the plaintiff.  See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir.1998).  In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir.1993).  If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### B.     Rule 8(a) Requirements

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  Due to an understandable difference in legal sophistication, a complaint drafted by a *pro se* litigant must be held to a less exacting standard than a complaint drafted by trained counsel.  Haines v. Kerner, 404 U.S. 519 (1972).  Nonetheless, a court should dismiss the case pursuant to Rule 8(a), "if a *pro se* complaint is so confusing or unintelligible that no party could possibly understand or reply to it."  Wright v. Castle Point Mortgage, No. 05-CV-4851, WL 1468678, *2 (D.N.J. May 24, 2006) (citing Cole v. Commonwealth Federal, No. Civ. A.94-6099, *1 (E.D. Pa. Nov. 8, 1994; King v. Fayette County, 92 F.R.D. 457, 458 (W.D. Pa. 1981)); Brown v. Califano, 75 F.R.D. 497 (1977)).

**III.   DISCUSSION**

   **A.   CEPA Claim**

Taking the allegations and facts of the Complaint in the light most favorable to the Plaintiff, Teklewolde appears to seek relief pursuant to CEPA.  CEPA claims are barred by a one year statute of limitations.  See N.J.S.A. 34:19-5.  The statute of limitations on a CEPA claim begins to run on the date in which the employer originally retaliated against the employee, which typically occurs when the employment of the complaining employee is terminated.  See; N.J.S.A. 34:19-5; see also Boody v. Twp. of Cherry Hill, 997 F. Supp. 562, 567-68 (D.N.J. 1997); Green v. Jersey City Bd. of Educ., 177 N.J. 434, 437-38 (N.J. 2003).

Here, Plaintiff's Complaint was filed in March 2006, alleging injuries arising from an incident that occurred in March 2004.  Specifically, the Complaint alleges that plaintiff was "let go due to revenge by management" in March of 2004.  Compl. ¶ 86.  Due to the fact that Plaintiff did not file suit until two years later, it is evident that Plaintiff is time-barred from seeking any relief pursuant to CEPA.  Accordingly, dismissal is appropriate to any CEPA claims alleged by Plaintiff.

   **B.   Title VII Race Discrimination Claim**

Taking the Complaint in the light most favorable to the Plaintiff, Teklewolde seeks relief pursuant to Title VII, based on alleged race discrimination.  Prerequisites to bringing such a claim include (1) the filing of a Title VII claim with any agency with 300 days of any allegedly discriminatory act; and (2) the filing of a Complaint with this Court within 180 days of any allegedly

discriminatory act.  As the Third Circuit articulated in West v. Philadelphia Electric Co.,

> According to 42 U.S.C. § 2000e-5(e), a charge of employment discrimination must be filed within 300 days 'after the alleged unlawful employment practice occurred.' The 300-day period applies where the plaintiff has instituted proceedings with a state or local agency. Otherwise, the applicable period is 180 days. 42 U.S.C. § 2000e-5(e). This filing is a prerequisite to a civil suit under Title VII.

45 F.3d 744, 754 & n.8 (3d Cir. 1995); see also Evans v. Port Auth. Trans-Hudson Corp., No. 04-4062, 2006 WL 408391, at *1 (3d Cir. Feb. 23, 2006); Shepherd v. Hunterdon Developmental Ctr., 174 N.J. 1, 19 (2002).

In this case, Plaintiff's Complaint cites a single, isolated incident of alleged racial discrimination.  Compl. ¶ 51.  This matter was addressed by Onkyo management in 2002. Id. Plaintiff.  Plaintiff has not filed a timely complaint with the EEOC or any other agency. Accordingly, Plaintiff's Title VII claims are time-barred and these claims must be dismissed.

### C.     Money Damages for Onkyo's Use of Plaintiff's Concept

Finally, Plaintiff seeks damages based on his claim that Onkyo allegedly adopted Plaintiff's "engineering concept" in a product called "POWER PLUS," for which Plaintiff has not received compensation.  Compl. ¶96.  The Court views this claim as frivolous because Plaintiff has failed to identify what "Power Plus" is, and how Defendant is using it.  Furthermore, Plaintiff asserts that he is owed compensation for "day work" and payment for "lunch for the technician" that he "had" to "bring around." Id. at ¶63.  Plaintiff makes no mention that he was promised compensation for said events, nor that there was a specific amount to which he is owed.  Based on these inadequacies in Plaintiff's pleading, the Court views this claim as frivolous.

Additionally, New Jersey's "shop right" doctrine bars Plaintiff's claim for compensation

above his ordinary remuneration for his "ideas, knowledge, experience, and performance in coming up with a viable process."  Caputo v. Nice-Pak Prod., Inc., 300 N.J. Super. 498, 507 (App. Div.), certif. denied, 151 N.J. 463 (1997); see also Ingersoll-Rand Co. v. Ciavatta, 110 N.J. 609, 623 (1988).  Here, Plaintiff seeks additional remuneration for developing an "engineering concept."  However, other paragraphs in Plaintiff's Complaint defeat this potential ground for recovery because Plaintiff repeatedly states that he was hired to develop procedures to ensure the orderly administration of Onkyo's quality control effort.  Defendant correctly argues that Onkyo is "entitled to continuing use of any such 'concept' that plaintiff developed while an Onkyo employee, and does not owe plaintiff any additional compensation for such continued use."  Def.'s Br. at 13.  For these reasons, Plaintiff's claim for compensation due to Onkyo's use of his "engineering concept" is dismissed.

**IV.**     **CONCLUSION**

For the reasons stated, it is the finding of this Court that Defendant's motion to dismiss is **granted**.  An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:       December __20, 2006
Orig.:      Clerk
cc:         Counsel of Record
            The Honorable Mark Falk, U.S.M.J.
            File